## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

Malik TANSIL                                        )
791 SE Albatross Ave                                )
Port Saint Lucie, FL 34983                          )
                                                    )
      Plaintiff,                        )
                                                    )
v.                                                  )    **Case No.** _____
                                                    )    JURY TRIAL DEMANDED
WELLS FARGO & COMPANY,                              )
WELLS FARGO BANK, N.A.,                             )
45 Fremont Street                                   )
27th Floor                                          )
San Francisco, CA 94104                             )
                                                    )
and                                                 )
                                                    )
Rotimi RAJI                                         )
7901 Wisconsin Ave NW                               )
Bethesda, MD 20814                                  )
                                                    )
      Defendants.                       )
_____)

### COMPLAINT

**COMES NOW** the Plaintiff, Malik TANSIL ("TANSIL"), by and through the

undersigned counsel, and by way of his Complaint against Defendants Wells Fargo & Company,

Wells Fargo Bank, N.A. (collectively, "Wells Fargo"), and Rotimi Raji, alleges and states as

follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court over this cause of action is founded on Titles 28 U.S.C.

§ 1331, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq*., as amended.

2.      Venue is proper in this judicial district because the Defendant Wells Fargo has its place of business in this district and the acts and events complained of occurred in the District of Columbia.

3.      Plaintiff has exhausted and satisfied all pertinent administrative and statutory prerequisites necessary for the institution of this action and the action is timely as to all counts herein.  *See* EEOC Right to Sue, attached hereto as Exhibit A.

## PARTIES

4.      Plaintiff Malik Tansil is an African-American male, born and raised in the United States.

5.      Plaintiff was initially employed by Wachovia Bank, N.A., a subsidiary of Wachovia Corporation, and then, by Wells Fargo.

6.      Defendant Wells Fargo & Company is a Delaware corporation with its principal place of business in San Francisco, California.

7.      Defendant Wells Fargo Bank, N.A., is a primary wholly owned subsidiary national bank of Wells Fargo & Company.

8.      Effective December 31, 2008, Wells Fargo & Company became the successor corporation to Wachovia Corporation.

9.      Wells Fargo was Plaintiff's employer during the relevant times discussed herein and controlled the terms and conditions of Plaintiff's employment and the relevant policies and procedures.

10.      Wells Fargo exists and conducts business in Washington, D.C.

11.      Defendant Rotimi Raji was a District Manager and Plaintiff's supervisor at Wells Fargo Washington D.C. during the relevant times herein.

2

## STATEMENT OF FACTS GIVING RISE TO RELIEF

12.     Plaintiff Tansil was first hired by Wachovia Bank, N.A. ("Wachovia") in or around June 2008 as a Financial Specialist in Port St. Lucie, FL.

13.     Upon information and belief, in October 2008, Wells Fargo initially announced its intention to merge with Wachovia.

14.     Plaintiff Tansil received favorable performance reviews during his employment under Wachovia.

15.     In or around June 2010, Plaintiff was transferred to Washington, D.C.

16.     In or around September 2010, Plaintiff Tansil was promoted to Acting Branch Manager at Wachovia's Friendship Heights branch in Washington, D.C.

17.     In or around November 2010, Plaintiff was promoted to Branch Manager ("Branch Mgr.") and began his official duties in January 2011 at the Friendship Heights location.

18.     During his employment with Wachovia and Wells Fargo, Plaintiff enjoyed a reputable performance record and was never disciplined until his abrupt and unjustified termination in 2012.

19.     Plaintiff Tansil was a leader in his district and often received accolades for his achievements.

20.     Upon information and belief, sometime in 2011, Wells Fargo began its integration process after merging with Wachovia.

21.     In or about April 2011, Defendant Rotimi Raji was assigned as the District Manager for the D.C. Region (the "District") and effectively became Plaintiff's supervisor.

22.     Upon information and belief, Defendant Rotimi Raji was a man of Nigerian nationality.

23.     Defendant Raji had a known preference for hiring and assigning whites and

Nigerians/Africans throughout the District.

24.     Wells Fargo believed in assigning employees to various locations based on their race.

25.     Wells Fargo corporate policies provide that "[t]o know [its] customers and serve them well, **the diversity of [employees] . . . should reflect the diversity** of the communities we serve."

26.     Several of the stores in the District were located in affluent areas with white customers.

27.     Upon information and belief, at the time Defendant Raji was hired, there was approximately one white manager in the district.

28.     It was well known that Defendant Raji wanted to and did staff the District with "white" or Nigerian/African employees and managers.

29.     In or about May 2011, Defendant Raji denied Plaintiff an interview for a Branch Mgr. position at Wells Fargo's Bethesda North location and instead hired a candidate who was Nigerian/African.

30.     In a campaign to oust Plaintiff, the non-white or non-Nigerian/African, Defendant Raji began to take measures to remove Plaintiff in or about April 2011.

31.     Commencing in or about April 2011, in order to detract Plaintiff's ability to perform his duties, Defendant Raji slowly transferred out experienced employees from Plaintiff's branch and replaced them with less experienced employees.

32.     On numerous occasions, Defendant Raji stated that Wells Fargo needed more "white store managers" to appease white customers.

33.     Plaintiff openly objected to and criticized Defendant Raji's practice of assigning employees by race and advocated for hiring and assigning employees based on merit, rather than

4

race.

34.     Thereafter, in February 2012, without any written reprimand, warning, or counseling, Defendant Wells Fargo and Defendant Raji abruptly terminated Plaintiff's employment, citing "falsification of documents" although Plaintiff had not engaged in falsification of documents.

35.     Subsequently, upon information and belief, Plaintiff Tansil was replaced by an employee who is Nigerian/African.

**COUNT I**
**(Race Discrimination in Violation of 42 U.S.C. §§ 2000e *et seq.*, as amended)**

36.     Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 35 and incorporates the same here by reference as though they are fully set forth herein.

37.     Plaintiff Tansil is African-American and thus a member of the protected class.

38.     Plaintiff Tansil was performing the duties of his job satisfactorily or better.

39.     The actions of Defendants Wells Fargo and Rotimi Raji as set forth herein constitute race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended, because Plaintiff suffered adverse employment actions when he was unfairly denied promotional opportunity, disparately treated, and terminated as a result of his race.

40.     Defendants' conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of Plaintiff as to warrant punitive or exemplary damages.

41.     As a direct and proximate cause of the intentional racial discrimination to which he was subjected, Plaintiff Tansil has suffered, and continues to suffer, lost wages and benefits, humiliation, indignity, and extreme emotional distress.

## COUNT II
### (National Origin Discrimination in Violation of 42 U.S.C. §§ 2000e *et seq*., as amended)

42.     Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 35 and incorporates the same here by reference as though they are fully set forth herein.

43.     Plaintiff Tansil is an African-American, born and raised in the United States; thus Plaintiff Tansil a member of the protected class.

44.     Plaintiff Tansil was performing the duties of his job satisfactorily or better.

45.     The actions of Defendants as set forth herein constitute national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended., because Plaintiff suffered adverse employment actions when he was unfairly denied promotional opportunity, disparately treated, and terminated based on his nationality as a black American.

46.     Defendants' conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of Plaintiff as to warrant punitive or exemplary damages.

47.     As a direct and proximate cause of the intentional national origin discrimination to which he was subjected, Plaintiff Tansil has suffered, and continues to suffer lost wages and benefits, humiliation, indignity, and extreme emotional distress.

## COUNT III
### (Race Discrimination in Violation of District of Columbia Human Rights Act, D.C. Code § 2-1402.11 *et seq*.)

48.     Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 35 and incorporates the same here by reference as though they are fully set forth herein.

49.     Plaintiff Tansil is African American and thus a member of the protected class.

50.     Plaintiff Tansil was performing the duties of his job satisfactorily or better.

51.     The actions of Defendants Wells Fargo and Rotimi Raji as set forth herein constitute race discrimination in violation of D.C. Human Rights Act, D.C. Code §§ 2-1402.11 *et*

*seq.*, because Plaintiff Tansil suffered adverse employment actions when he was unfairly denied promotional opportunity, disparately treated, and terminated as a result of his race by a supervisor and a company who believed in location assignment by race.

52.     Defendants' conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of Plaintiff as to warrant punitive or exemplary damages.

53.     As a direct and proximate cause of the intentional racial discrimination to which he was subjected, Plaintiff Tansil has suffered, and continues to suffer lost wages and benefits, humiliation, indignity, and extreme emotional distress.

<u>**COUNT IV**</u>
**(National Origin Discrimination in Violation of District of Columbia Human Rights Act, D.C. Code § 2-1402.11 *et seq.*)**

54.     Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 35 and incorporates the same here by reference as though they are fully set forth herein.

55.     Plaintiff Tansil is an American born citizen and thus a member of the protected class.

56.     Plaintiff Tansil was performing the duties of his job satisfactorily or better.

57.     The actions of Defendants Wells Fargo and Rotimi Raji as set forth herein constitute national origin discrimination in violation of D.C. Human Rights Act, D.C. Code §§ 2-1402.11 *et seq.*, because Plaintiff Tansil suffered adverse employment actions as a result of his nationality when he was unfairly denied promotional opportunity, disparately treated, and terminated due to his nationality as an American by a supervisor who preferred Nigerians or Africans.

58.     Defendants' conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of Plaintiff as to warrant punitive or exemplary damages.

59.     As a direct and proximate cause of the intentional racial discrimination to which

7

he was subjected, Plaintiff Tansil has suffered, and continues to suffer lost wages and benefits, humiliation, indignity, and extreme emotional distress.

**WHEREFORE**, Plaintiff Tansil respectfully requests the following:

1.  An order finding and declaring that Defendants intentionally discriminated against Plaintiff;

2.  All back and front wages and benefits that Plaintiff Tansil would have received but for the discrimination, including pre-judgment interest;

3.  Compensatory and general damages, including emotional distress, according to proof;

4.  Punitive damages according to proof;

5.  Reasonable attorney's fees and costs of this action; and

6.  Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Tansil demands trial by jury as to all issues so triable.

Respectfully submitted,

**LAW OFFICE OF HNIN N. KHAING**

 /s/ Hnin N. Khaing
Hnin N. Khaing, Esquire
DC Bar No. 985884
1420 N Street, NW, Suite 102
Washington, DC 20005
(202) 232-4079 (t)
(888) 299-8053 (f)
hkhaing@legaloptionstoday.com

*Counsel for Plaintiff*